UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORIE L. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 09-1393 (RJL) |

## MEMORANDUM OPINION

Plaintiff, proceeding pro se and in forma pauperis, filed a complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Department of Justice ("DOJ"). On November 10, 2009, the defendant filed a motion for summary judgment with a supporting sworn statement. By order dated November 12, 2009, the pro se plaintiff was advised to respond to the dispositive motion by December 30, 2009, and warned that failure to respond could result in the dismissal of the complaint. Plaintiff has not filed a response. Therefore, the Court will proceed on the motion before it.

In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h). The Court therefore treats the defendant's factual assertions as admitted. Summary judgment is appropriate when "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations

that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973).

Plaintiff's FOIA request sought all "information compiled by agent Massey with respect to requests by the State of New Jersey for analysis of latent fingerprint evidence of [the plaintiff]." *See* Def.'s Mot. for Summ. J., Ex. 1, Decl. of David M. Hardy ("Hardy Decl.") ¶ 6 & Ex. A. The defendant describes its search for responsive records. *See id.* ¶¶ 14-19 (describing the records systems) 4, 20-21 (describing search terms, the systems searched, and the search results). On this undisputed record, it appears that the search was adequate. It is undisputed that the defendant located 22 pages responsive to plaintiff's FOIA request in a file identified by the plaintiff's name. *Id.* ¶¶ 20, 21, 34 & Ex. G. Invoking FOIA Exemption 7(A), the defendant originally refused to release any of the information in the 22 responsive pages based on an understanding that the information in the file was still being used in an ongoing law-enforcement investigation. *Id.* ¶¶ 10-11 & Ex. C; *see also* 5 U.S.C. § 552(b)(7)(A) (exempting from disclosure information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with law enforcement proceedings). After the plaintiff filed this lawsuit, the defendant determined that there was no ongoing investigation and that the information in the file could be processed for release. Hardy Decl. ¶¶ 13, 21. The 22 pages were released to plaintiff with redactions. *Id.* ¶ 21 & Ex. G. The redactions were made pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), to avoid releasing information, such as names of FBI

-3-

support personnel or local law enforcement employees, that could constitute an unwarranted invasion of personal privacy. *Id.* ¶¶ 26-33 & Ex. G. These exemptions appear to be justified and are not disputed by the plaintiff. The defendant has determined that all segregable information has been released to the plaintiff, and the plaintiff does not dispute this claim. On this record, then, there is no genuine dispute of material fact and the defendant is entitled to judgment as a matter of law.

    A separate order dismissing the case accompanies this memorandum opinion.

_____
RICHARD J. LEON
United States District Judge

Date:

1/11/10